# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **MARK A. BOSHELL,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CV: |
| | * | |
| **RICHARD G. SMITH, and** | * | |
| individual; **ROADSAFE TRAFFIC** | * | |
| **SYSTEMS, INC.,** a foreign | * | |
| corporation, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' PETITION FOR REMOVAL

**COMES NOW** the Defendants, Roadsafe Traffic Systems, Inc. (hereinafter "Roadsafe") and Richard Smith, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the foregoing cause from the Circuit Court of St. Clair County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division. As grounds for removal, Defendants show unto the Court the following:

### I. INTRODUCTION

1. Plaintiff, Mark A. Boshell, initiated this civil action against the Defendants on or about April 22, 2022, in the Circuit Court of St. Clair County, Alabama, Civil Action No. CV-2022-900073.00. Pursuant to 28 U.S.C. § 1446(a),

copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control of Defendant, are attached hereto as Exhibit "1".

2. The Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined and served in this Action, both now and at the time the lawsuit was filed in state court. Plaintiff Mark A. Boshell is a resident and citizen of the State of Alabama. (Ex. 1, Compl. at ¶ 1). Defendant Richard G. Smith is a resident and citizen of the State of Florida. (Ex. 1, Compl. ¶2). Defendant Roadsafe Traffic Systems, Inc. is a foreign corporation with its principal place of business in Illinois and incorporation filed in Delaware. (Ex. 1, Compl. at ¶ 3). The citizenship of fictitious defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. The only named and served defendants as of the filing date of this Notice of Removal

are Defendants Richard G. Smith, a non-citizen of the State of Alabama and Roadsafe Traffic Systems, Inc., who filed their incorporation in Delaware and has their principal place of business in Illinois. Therefore, complete diversity of citizenship exists.

4. Defendants, Richard G. Smith and Roadsafe Traffic Systems, Inc. by and through their undersigned counsel, provide their joint and unanimous consent to remove this action.

5. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of St. Clair County, Alabama, as required by law. As detailed below, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## II. REMOVAL IS PROPER UNDER 28 U.S.C. § 1332

6. **Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.** The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiff does not specify in the Complaint the total amount of damages he seeks against the Defendants. The Eleventh Circuit precedent provides that where, as here, a plaintiff makes an unspecified damages demand in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in

controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).  In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'"  *Roe*, 613 F. 3d at 1061 (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

7. The Eleventh Circuit Court of Appeals has stated if a defendant alleges removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061.  The district court is not bound by the plaintiff's representations, and does not have to assume the plaintiff is best able to evaluate the amount of damages sought.  *Id.* (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)).  The Eleventh Circuit Court of Appeals further stated:

> **Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

6. When the Complaint fails to provide an exact amount in controversy, as with the present case, courts have recently provided helpful insight to determine whether the amount in controversy burden is met. One such case explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Al. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking

> unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added).  Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction.  *Id.* at 1334-35.

7. Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272 (N.D. Ala. Aug. 31, 2015).  In *Bush*, the court noted that prior to the decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant.  *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272, *2 (N.D. Ala. Aug. 31, 2015).  The court further explained the Eleventh Circuit Court of Appeals "took corrective steps", because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint."  *Bush*, 2015 U.S. Dist. LEXIS 115272, at *2-3.  The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

finally acknowledged the self-evident, namely, that a plaintiff like Bush, **who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.**

*Bush*, 2015 U.S. Dist. LEXIS 115272, at *3 (emphasis added).

8.  As a final example, the Defendants point this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013). The Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5.

9.  **Here, it is facially apparent and clearly evident from Plaintiffs' Complaint that the amount in controversy exceeds $75,000.** This action arises out of an alleged accident that occurred on January 7, 2021, in St. Clair County, Alabama. (Ex. 1, Compl. at ¶¶9-13). Plaintiff alleges that he was traveling in the southbound lane of US-231 in Pell City, Alabama. (Ex. 1, Compl. at ¶9). Plaintiff

alleges the Defendant Smith was traveling behind Plaintiff, also in the southbound lane of US-231. (Ex. 1, Compl. at ¶10). Plaintiff alleges that after he passed the Easonville Road intersection, he began to slow down and turn left into the parking lot. (Ex. 1, Compl. at ¶12). Plaintiff then avers that as this was happening, Defendant Smith, instead of slowing down, attempted to maneuver his vehicle around Plaintiff, but instead collided into Plaintiff. (Ex. 1, Compl. at ¶ 13). Plaintiff contends after the collision occurred, his airbags deployed, inflicting substantial and disabling damage to Plaintiff's vehicle. (Ex. 1, Compl. at ¶¶ 14, 21).

10.     Plaintiff also claims the incident caused physical injuries to his person. (Ex. 1, Compl. at ¶ 15). In addition, Plaintiff claims pain and mental anguish, emotional distress, and property damage claims. (Ex. 1, Compl. at ¶¶ 15, 21, 39). In addition, Plaintiff's Complaint seeks punitive damages.

11.     In his Complaint, Plaintiff set forth claims for negligence/wantonness, negligent/wanton entrustment, and respondeat superior/agency against the Defendants. (Ex. 1, Compl.) Plaintiff demands judgment against the Defendants for damages as seen fit by triers of fact. (Ex. 1).

12.     As with the cases above, Plaintiff claims he sustained substantial personal injuries as a result of Defendants' alleged negligent and willful behavior, and seeks to recover damages for physical pain and suffering, and emotional anguish. Consequently, the Plaintiff is hoping to recover punitive damages against

and from the Defendants individually, and the amount in controversy requirement is satisfied in this case.

13. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Middle Division, within the time allowed by law for the removal of actions to the United States District Courts. Defendant Roadsafe Traffic Systems, Inc. was served with the Summons and Complaint on or about May 5, 2022. (Ex. 2, Notice of Service for Roadsafe Traffic Systems, Inc.). Defendant Richard G. Smith was served with the Summons and Complaint on or about May 11, 2022. (Ex. 2). This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

14. Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants Richard G. Smith and Roadsafe Traffic Systems, Inc. submit this Notice of Removal.

15. Pursuant to 28 U.S.C. § 1446(d), Defendants Richard G. Smith and Roadsafe Traffic Systems , Inc. show a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of St. Clair County, Alabama. Further, the

Defendants represent to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
Attorney for the Defendants,

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√       Using the CM/ECF system which will send notifications of such to the following:

Victoria L. Dye, Esq.
MORGAN & MORGAN Birmingham, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203

/s/  Shaun A. DeCoudres
**OF COUNSEL**