FILED
2022 May-26  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS<br>- CIVIL -** | **Court Case Number**<br>75-CV-2022-900073.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### MARK A. BOSHELL V. RICHARD G. SMITH ET AL

**NOTICE TO:** ROADSAFE TRAFFIC SYSTEMS, INC., C/O ILLINOIS CORP SVC CO. 801 ADLAI STEVENSON DRIVE, SPRINGFIELD, IL 62703

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Victoria L. Dye

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, Birmingham, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARK A. BOSHELL
pursuant to the Alabama Rules of the Civil Procedure.          *[Name(s)]*

| 04/22/2022 | /s/ KATHRYN BURKE | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ Victoria L. Dye

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

### 75-CV-2022-900073.00
### MARK A. BOSHELL V. RICHARD G. SMITH ET AL

| C001 - MARK A. BOSHELL | v. | D002 - ROADSAFE TRAFFIC SYSTEMS, INC. |
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>75-CV-2022-900073.00 |

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**MARK A. BOSHELL V. RICHARD G. SMITH ET AL**

**NOTICE TO:** ROADSAFE TRAFFIC SYSTEMS, INC., C/O ILLINOIS CORP SVC CO. 801 ADLAI STEVENSON DRIVE, SPRINGFIELD, IL 62703

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Victoria L. Dye

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, Birmingham, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  MARK A. BOSHELL
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 04/22/2022 | /s/ KATHRYN BURKE | By: | |
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ Victoria L. Dye
                                          *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
                                                         *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
              *(Date)*

*(Type of Process Server)*        *(Server's Signature)*          *(Address of Server)*

                                  *(Server's Printed Name)*        *(Phone Number of Server)*

ELECTRONICALLY FILED
4/22/2022 3:06 PM
75-CV-2022-900073.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>7£<br><br>Date of Filing:<br>04/22/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### MARK A. BOSHELL v. RICHARD G. SMITH ET AL

**First Plaintiff:**  ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**          A ☐ **APPEAL FROM**          O ☐ **OTHER**
                                                    **DISTRICT COURT**

            R ☐ **REMANDED**               T ☐ **TRANSFERRED FROM**
                                                    **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
DYE010          4/22/2022 3:06:51 PM          /s/ Victoria L. Dye
                Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☐ NO

ELECTRONICALLY FILED
4/22/2022 3:06 PM
75-CV-2022-900073.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARK A. BOSHELL**, an individual; | § | |
| | § | |
| **PLAINTIFF**, | § | |
| | § | |
| **vs.** | § | CIVIL ACTION NO.: _____ |
| | § | |
| **RICHARD G. SMITH,** an individual; | § | |
| **ROADSAFE TRAFFIC SYSTEMS, INC.,** a | § | |
| foreign corporation; **and FICTITIOUS** | § | |
| and **FICTITIOUS PARTY DEFENDANTS:** | § | |

**No. 1**, whether singular or plural, being the person driving the 2018 Chevrolet 4500XD 4X2 Low Cab truck that struck Plaintiff's vehicle on January 7, 2021;

**No. 2**, whether singular or plural, being the person who owned the 2018 Chevrolet 4500XD 4X2 Low Cab truck that struck Plaintiff's vehicle on January 7, 2021;

**No. 3,** whether singular or plural, being the person who entrusted use of the 2018 Chevrolet 4500XD 4X2 Low Cab truck to Richard G. Smith or Fictitious Defendant No. 1 on January 7, 2021;

**No. 4,** whether singular or plural, being the person or entity who or which was the employer, master, or principal of the driver of the 2018 Chevrolet 4500XD 4X2 Low Cab truck involved in the occurrence made the basis of this lawsuit;

**No. 5**, whether singular or plural, being the person or entity for whom the driver of the 2018 Chevrolet 4500XD 4X2 Low Cab truck involved in this incident was performing some type of service or employment duty at the time of the collision on January 7, 2021;

**No. 6**, whether singular or plural, being the person or entity on whose behalf the 2018 Chevrolet 4500XD 4X2 Low Cab truck involved in the collision was being operated at the time of said occurrence;

**No. 7**, whether singular or plural, being the entity that issued any policy of insurance which provided coverage for the injuries Plaintiff received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage);

**No. 8**, whether singular or plural, being the entity or entities that provided any insurance coverage of any kind, including excess and/or umbrella type of coverage, for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle, and/or for any of the named Fictitious Party Defendants listed or described herein;

**No. 9**, whether singular or plural, being the person or entity, other than those described above, whose actions or failures to act contributed to cause the incident made the basis of this case;

**DEFENDANTS.**

## COMPLAINT

### I. STATEMENT OF PARTIES

1.     Plaintiff MARK A. BOSHELL is an individual over the age of nineteen (19) years and a resident of St. Clair County, Alabama.

2.     Defendant RICHARD GLENN SMITH is an individual over the age of nineteen (19) years and, upon information and belief, is a resident of Santa Rosa County, Florida.  Upon further information and belief, Defendant SMITH was the operator of the 2018 Chevrolet 4500XD 4X2 Low Cab truck that collided with Plaintiff's vehicle on January 7, 2021 in St. Clair County, Alabama.

3.     Defendant ROADSAFE TRAFFIC SYSTEMS, INC. (hereafter "ROADSAFE"), is a Delaware corporation headquartered in Chicago, Illinois, with physical branch locations in Moody, Alabama and Brewton, Alabama, who conducted business by agent in Alabama at all times relevant hereto.  Upon information and belief, Defendant SMITH was an agent, servant, or employee of Defendant ROADSAFE, and was acting within the line and scope of said agency, service, and/or employment at all times relevant hereto, such that Defendant ROADSAFE is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant SMITH.

4.     Fictitious Defendants No. 1 through 9, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the Plaintiff's respective injuries, as described in the caption of this Complaint, all of

2

whose true and correct names are unknown to Plaintiff at this time but will be substituted by amendment when ascertained.

5.      Venue is proper in accordance with Alabama Code § 6-3-2(a)(3) because at least one Defendant is a permanent resident of the State of Alabama and because the act or omission giving rise to this action occurred in St. Clair County, Alabama.

## II.  STATEMENT OF JURISDICTION & VENUE

6.      This Court has personal jurisdiction over Defendant Roadsafe Traffic Systems, Inc. pursuant to Ala. R. Civ. P. 4.2(b), in that said Defendant maintains physical business locations within this State and regularly conduct business by agent within the State of Alabama.

7.      This Court has specific personal jurisdiction over Defendant Richard G. Smith in that Defendant Smith caused tortious injury or damage to the Plaintiff by and through Defendant Smith's use and operation of a motor vehicle in St. Clair County, Alabama on January 7, 2021.

8.      Venue is proper in this Court as the motor vehicle collision forming the basis of this case occurred in St. Clair County, Alabama.

## III.  STATEMENT OF THE FACTS

9.      On the morning of January 7, 2021, Plaintiff was traveling in the southbound lane of US-231 near Easonville Road in Pell City, Alabama.

10.     At the same time, Defendant SMITH was operating a 2018 Chevrolet 4500XD low cab truck in the southbound lane behind Mr. Boshell.

3

11.     Upon information and belief, the truck being driven by Defendant SMITH was owned by Defendant ROADSAFE TRAFFIC and/or was under the control of Defendant ROADSAFE TRAFFIC and/or Defendant SMITH was operating the truck on the date of this incident with the express permission of Defendant ROADSAFE TRAFFIC.

12.     After Plaintiff passed the Easonville Road intersection on his right, he began to slow down to turn left into the parking lot of the Town and Country Texaco gas station.

13.     Instead of maintaining the lane and waiting for Plaintiff to make his left-hand turn into the gas station parking lot, Defendant SMITH swung his truck into the left-hand (northbound) lane and attempted to pass Plaintiff's vehicle as Plaintiff was properly making a left-hand turn into the gas station parking lot, causing the vehicle to collide.

14.     The crash was of such force, it caused Plaintiff's airbags to deploy and inflicted substantial, disabling damage to Plaintiff's vehicle.

15.     As a further result of the crash, Plaintiff sustained additional injuries and damages, including, but not limited to, physical injuries to his face, head, chest, abdomen, back, hips, and legs; pain and suffering; medical bills and expenses; out-of-pocket expenses; property loss; mental anguish, and emotional distress.

## COUNT I:
## NEGLIGENCE/WANTONNESS

16.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

17.     On January 7, 2021, in Pell City, Alabama, Plaintiff was caused to suffer injuries and damages when Defendant SMITH attempted to pass Plaintiff's vehicle on the left as

4

Plaintiff was lawfully making a left-hand turn, causing the vehicles to forcefully collide in the roadway.

18.     At all times relevant hereto, Defendant SMITH owed the motoring public, including the Plaintiff, certain duties of care, including:

   a)  The duty to operate his vehicle in a safe manner;

   b)  The duty to keep a proper lookout for other motorists on the roadway ahead;

   c)  The duty to maintain his lane of travel until ascertaining that a passing movement can be made with safety, in accordance with Ala. Code § 32-5A-88(1);

   d)  The duty not to interfere with the operation a vehicle being overtaken on the left, pursuant to Ala. Code § 32-5A-84; and

   e)  The duty to obey the Alabama Rules of the Road.

19.     Defendant SMITH negligently, recklessly, and/or wantonly breached the duties of care owed to the Plaintiff on January 7, 2021, when he:

   a)  Negligently, recklessly, and/or wantonly operated his vehicle in an unsafe manner;

   b)  Negligently, recklessly, and/or wantonly failed to keep a proper lookout for movement of Plaintiff's vehicle on the roadway ahead;

   c)  Negligently, recklessly, and/or wantonly failed to maintain his lane of travel behind Plaintiff's vehicle until Plaintiff had completed his left-hand turn off the roadway, in violation of Ala. Code § 32-5A-88(1);

   d)  Negligently, recklessly, and/or wantonly interfered with the operation of Plaintiff's vehicle by attempting to overtake Plaintiff on the left side of the

5

roadway before Plaintiff had completed his left-hand turn, in violation of Ala. Code § 32-5A-84; and

e) Negligently, recklessly, and/or wantonly failed to obey the Rules of the Road.

20. The above-described negligence, recklessness and/or wantonness of Defendant SMITH caused his vehicle and Plaintiff's vehicle to forcefully collide as Plaintiff lawfully attempted to complete his left-hand turn off the roadway.

21. As a proximate result of the negligence, recklessness and/or wantonness of Defendant SMITH, Plaintiff has been caused to suffer injuries and damages, including, but not limited to, the following:

a) Injury and pain to Plaintiff's body, including, but not limited to, physical injuries to his face, head, chest, abdomen, back, hips, and legs;

b) Pain and suffering;

c) Medical bills, costs, and expenses;

d) Out-of-pocket costs and expenses;

e) Property damage and loss; and,

f) Mental anguish and emotional distress.

22. At all times relevant hereto, Defendant SMITH was an agent, servant, or employee of Defendant ROADSAFE, and was acting within the line and scope of said agency, service, and/or employment at all times relevant hereto, such that Defendant ROADSAFE is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant SMITH.

23.     The negligence, recklessness and/or wantonness of Defendant SMITH combined and concurred with the negligence, recklessness and/or wantonness of all other named or Fictitious Defendants, causing Plaintiff to be damaged and injured as a proximate result.

24.     Plaintiff demands punitive damages of all named and fictitious defendants, jointly and severally, for their respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, plus interest and costs.

## COUNT II:
### NEGLIGENT/WANTON ENTRUSTMENT

25.     Plaintiff adopts and re-alleges all prior paragraphs as if set forth fully herein.

26.     On January 7, 2021, in Pell City, Alabama, Plaintiff was caused to suffer injuries and damages when Defendant SMITH attempted to pass Plaintiff's vehicle on the left as Plaintiff was lawfully making a left-hand turn, causing the vehicles to forcefully collide in the roadway.

27.     Upon information and belief, Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9 owned the vehicle being driven by Defendant SMITH and/or had the right of control over use of the motor vehicle being operated by Defendant SMITH at the time of the collision.

28.     Upon information and belief, Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9 negligently and/or wantonly entrusted operation and use of the 2018 Chevrolet 4500XD 4X2 Low Cab truck to Defendant SMITH on the occasion made the basis of

7

this lawsuit.

29.     Additionally, or in the alternative, Defendant SMITH was operating said motor vehicle in the service or employment of Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9 and/or at the direction of Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9.

30.     Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9 knew, or by the exercise of reasonable care should have known, that Defendant SMITH was incompetent to operate the motor vehicle involved in this collision; and/or that Defendant SMITH had a history of violating the Rules of the Road; and/or that Defendant SMITH operated the vehicle in an unsafe manner; and/or, operate the vehicle in a manner involving risk of harm to others.

31.     As a proximate result of the negligent and/or wanton entrustment of the 2018 Chevrolet 4500XD 4X2 Low Cab truck to Defendant SMITH by Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9, Plaintiff was caused to suffer injuries and damages, including, but not limited to, the following:

          a)  Injury and pain to Plaintiff's body, including, but not limited to, physical injuries to his face, head, chest, abdomen, back, hips, and legs;

          b)  Pain and suffering;

          c)  Medical bills, costs, and expenses;

          d)  Out-of-pocket costs and expenses;

          e)  Property damage and loss; and,

          f)  Mental anguish and emotional distress.

32.     The negligence, recklessness, and/or wantonness of Defendant ROADSAFE TRAFFIC combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of Defendant SMITH and all other named or fictitious defendants, causing Plaintiff to be damaged and injured as a proximate result.

33.     Plaintiff demands punitive damages of all named and fictitious defendants, jointly and severally, for their respective wanton conduct.

**COUNT III:**
**RESPONDEAT SUPERIOR/AGENCY**

34.     Plaintiff adopts and re-alleges all prior paragraphs as if set forth fully herein.

35.     On January 7, 2021, in Pell City, Alabama, Plaintiff was caused to suffer injuries and damages when Defendant SMITH attempted to pass Plaintiff's vehicle on the left as Plaintiff was lawfully making a left-hand turn, causing the vehicles to forcefully collide in the roadway.

36.     Upon information and belief, Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9 owned the vehicle being driven by Defendant SMITH and/or had the right of control over use of the motor vehicle being operated by Defendant SMITH at the time of the collision.

37.     Upon further information and belief, Defendant SMITH was an agent, servant, or employee of Defendant ROADSAFE TRAFFIC and/or one or more Fictitious Defendants 1-9 and was acting within the line and scope of said agency, service, or employment on the occasion made the basis of this lawsuit.

38.     Consequently, Defendant ROADSAFE TRAFFIC and/or one or more Fictitious

9

Defendants 1-9 is liable for the negligent, wanton, reckless, or otherwise wrongful actions or failures to act on the part of Defendant SMITH on the occasion made the basis of this lawsuit under the theories of respondeat superior and agency.

39.     As a proximate result of the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant ROADSAFE TRAFFIC, by and through Defendant SMITH's actions or failures to act during the occasion made the basis of this case, Plaintiff suffered injuries and damages, including, but not limited to the following:

a) Injury and pain to Plaintiff's body, including, but not limited to, physical injuries to his face, head, chest, abdomen, back, hips, and legs;

b) Pain and suffering;

c) Medical bills, costs, and expenses;

d) Out-of-pocket costs and expenses;

e) Property damage and loss; and

f) Mental anguish and emotional distress.

40.     The negligence, recklessness, and/or wantonness of Defendant ROADSAFE TRAFFIC combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of Defendant SMITH and all other named or fictitious defendants, causing Plaintiff to be damaged and injured as a proximate result.

41.     Plaintiff demands punitive damages of all named and fictitious defendants, jointly and severally, for their respective wanton conduct

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the named and fictitious defendants, jointly and severally, for compensatory and punitive

10

damages in an amount to be determined by a struck jury, along with interest and costs.

**COUNT IV:**
**FICTITIOUS PARTIES**

42.      Plaintiff adopts and realleges every material averment of Counts I through III of this Complaint as if fully set forth herein, with the exception that Plaintiff substitutes the words "Fictitious Defendants 1 through 9" for the named Defendant in Counts I through III, above.

43.      Plaintiff avers that the negligent, reckless, or otherwise wrongful conduct of Fictitious Defendants 1 through 9 combined and concurred with the negligent, reckless, or otherwise wrongful conduct of the named Defendant to proximately Plaintiff's injuries and damages, as set forth in Counts I through III, above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.

Victoria L. Dye (DYE010)
**MORGAN & MORGAN BIRMINGHAM PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
(659) 204-6363 – Phone
(659) 204-6388 – Fax
vdye@forthepeople.com

COUNSEL FOR THE PLAINTIFF

11

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL AT:**

RICHARD GLENN SMITH
4797 Greenwood Road
Jay, Florida 32565

ROADSAFE TRAFFIC SYSTEMS, INC.
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

ELECTRONICALLY FILED
4/22/2022 3:06 PM
75-CV-2022-900073.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

**IN THE CIRICUT COURT OF ST. CLAIR COUNTY, ALABAMA**
**PELL CITY DIVISION**

| | |
|---|---|
| MARK BOSHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: _____ |
| | ) |
| RICHARD G. SMITH and | ) |
| ROADSAFE TRAFFIC SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
### TO DEFENDANT RICHARD G. SMITH

COMES NOW the Plaintiff in the above-styled cause and request that Defendant RICHARD G. SMITH answer the following Interrogatories and Requests for Production within the time limits as provided by the Alabama Rules of Civil Procedure.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Requests for Production:

1.    "You" or "Your" as used herein shall mean this defendant; the defendant's representatives; and all persons acting on behalf of this defendant.

2.    "Document(s)" and "record(s)" as used herein are used in the broadest possible sense and shall include includes any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice

memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity.  This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data. Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4. "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5. Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

2

6.      Requests to "identify a document" or equivalent language means to state with respect thereto:

      a)      The identity of the person who prepared it;

      b)      The identity of the person who signed it or over whose signature or direction it was issued;

      c)      The identity of each person to whom it was addressed or distributed;

      d)      The nature or substance of the document with sufficient particularity to enable it to be identified;

      e)      Its date and, if it bears no date, the date when it was prepared; and

      f)      The physical location of it and the names of its custodian or custodians.

7.      "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.      "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## INSTRUCTIONS

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel

for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests. If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response. If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please specifically state the following (i.e., create and provide a privilege log identifying the following information):

a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

b) The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

d) The location of the document(s); and

e) The custodian of the documents.

**FIRST INTERROGATORIES TO DEFENDANT RICHARD G. SMITH**

1. Please state your full name; your date and place of birth; your Social Security number; and your residence address.

2. With regard to any cellular telephones, two-way radios, push-to-talk devices, or other similar communication devices that you owned, used, and/or were assigned at or around

4

January 7, 2021, when the collision made the basis of this case occurred, please provide the full phone number and/or radio number for each such device and the service provider(s) for the same.

3.    Have you ever been charged with, convicted of, or pled guilty to a felony or misdemeanor? If so, please identify the same by stating the charge, the State and county of filing, the year the charge, conviction or plea was filed or entered, the case number assigned, and the sentence or fine received.

4.    Please describe your employment history, if any, for the 10 years prior to the crash. "Employment history" means the name and address of each employer, the dates of your employment or service, your position and duties, and the reason for terminating each employment.

5.    Please state the name, address, and telephone number of every person whom you or someone on your behalf has interviewed and/or obtained a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether the interview or statement was recorded or transcribed.

6.    Please state the name, address, and telephone number of every person to whom you have given an interview and/or provided a statement regarding the collision made the basis of this case, along with the date of each interview or statement, the identity of the person(s) conducting each interview or taking each statement, and whether each interview or statement was recorded or transcribed.

5

7.     Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of each such expert witness, the qualifications of each such expert witness, the opinions expected to be elicited from each such expert witness, and the facts upon which each expert witness will reply in forming his or her opinions.

8.     Do you or anyone acting on your behalf known of any photographs, films, or videotapes depicting any place, object, or individual involved in the collision made the basis of this case? If so, please provide the date the photographs, film, or videotapes were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photographs, films, or videotapes.

9.     Please provide the name, address, telephone number, employer, and employment title of any and all persons who performed any investigation into the collision made the basis of this case, including any inspections of the accident scene and/or the motor vehicles involved in the collision.

10.     At the time of the accident made the basis of this lawsuit, were you acting within the line and scope of your employment with an employer? If your answer is yes, please identify the name and business address of the employer.

11.     At the time of the accident made the basis of this lawsuit, were you performing a mission or a task for someone else? If your answer is yes, please identify the name and address of the entity or individual.

6

12.     With respect to the vehicle you were driving when this collision occurred, identify the owner of the vehicle, where the vehicle was regularly kept or located when not in use, who gave you permission to operate the vehicle and/or requested that you operate the vehicle on the date of the accident in this case, whether you had ever driven the vehicle prior to the date of this accident, and how often (estimated) you drove the vehicle on a weekly basis

13.     Were you in any other collisions involving a motor vehicle in the ten (10) years preceding the date of the collision made the basis of this suit?  If your answer is yes, state the date and location of each such accident and whether you were a driver or passenger in the accident.

14.     For each driver's license you possessed at the time of the accident made the basis of this action, please state the license number, state of issuance, the specific endorsements on each license; and any and all restrictions on each.

15.     If you have ever had a driver's license suspended, canceled, or revoked, list the state taking such action, the date such action was taken, and the reason such action was taken.

16.     If you have ever received a ticket for traffic violation, for each such violation please list the state in which such ticket was received, the date of the ticket, and the type of violation cited, and the penalty imposed.

17.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you consumed any alcohol.  If yes, state when and how much was consumed?

7

18.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you consumed or used any legal or illegal drugs? If yes, state the name of the drug, when it was used and how much was used.

19.     In the twenty-four-hour period prior to the accident made the basis of this lawsuit, had you used any medications, either prescribed or over the counter?  If yes, please state the name of the medication, when it was taken and how much was taken.

20.     Please describe with particularity and in detail everything you did in the 24-hour period preceding the January 7, 2021 collision made the basis of this case.

21.     Please describe in full and complete detail the trip you were on when the accident made the basis of this case took place, including where the trip originated, your intended destination, and any and all stops made along the way prior to the collision.

22.     State in your own words how the collision made the basis of this action occurred.

23.     Did you observe the vehicle in which Plaintiff MARK BOSHELL was traveling at any time prior to the impact made the basis of this lawsuit? If so, describe each and every action taken by you from the point at which you first observed the Plaintiff's vehicle until the point of impact.

24.     Describe in detail any and all conversations that took place between you and Plaintiff MARK BOSHELL at the scene of the crash.

25.     Describe in detail all conversations that took place between you and any other person at the scene of the crash.

26.     State everything you did on the date of the accident from the moment of impact until you left the scene of the collision.

8

27.     Did you sustain injuries requiring medical treatment as a result of this crash?  If so, briefly describe your injuries.

28.     State or give a best estimate of the speed of your vehicle at the time of impact.

29.     State whether you were either using a cell phone, two-way radio, push-to-talk device, or other similar communication device immediately before, during, or after the collision made the basis of this case.  If your answer is in the affirmative, please identify the type of device used, the method of communication (i.e., verbal conversation, text message, etc.), and the identity of the person(s) with whom you were communicating.

30.     If you are aware of any eyewitnesses to the accident, please state for each such witness their name and address, and the nature of each and every conversation you or someone acting on your behalf has ever had with each such witness.

31.     Have you ever been named as a party in a lawsuit?  If so, for each such lawsuit, please state the court, the date such action was commenced, and the style of said lawsuit.

32.     Do you understand your answers to these interrogatories are made under oath?

**FIRST REQUESTS FOR PRODUCTION TO RICHARD G. SMITH**

1.     Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the accident made the basis of Plaintiff's complaint.

2.     Produce all videos, drawings and/or diagrams taken or made of the scene of the accident, the vehicles involved, and the parties involved in the accident made the basis of this lawsuit.

9

3.      Produce a copy of each and every document in this Defendant's possession which evidences the ownership of the motor vehicle you were operating at the time of the collision made the basis of this lawsuit.

4.      Produce a copy of each and every license this Defendant possesses for operation of a motor vehicle.

5.      Produce copies of all incident investigations, reports, memoranda, and correspondence which relates to the accident made the basis of this lawsuit.

6.      Produce each and every policy of insurance that might afford this Defendant any coverage with regard to the accident made the basis of Plaintiff's complaint.  This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declarations page(s).

7.      Produce true, correct, and complete copies of any and all reports of any expert(s) retained by you and/or that you expect to call at the trial of this matter.

8.      Produce true, correct, and complete copies of all statements made by anyone who has any knowledge whatsoever regarding the facts and circumstances surrounding the accident made the basis of this action, including the name of the individual and their last known address.

9.      Produce true, correct, and complete copies of any and all documents related to any investigation and/or inspection of the incident made the basis of this litigation.

10

10.     Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

11.     Produce all of any of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

12.     Produce all call and messaging records for any cellular telephone or push-to-talk device(s) owned and/or utilized by you on January 7, 2021, including, but not limited to, records reflecting calls placed by you; calls received or missed by you; text or SMS messages sent by you; and text or SMS messages received by you on January 7, 2021.

13.     Produce a clear and legible copy of both sides of your driver's license.

Respectfully submitted,

Victoria L. Dye (DYE010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
T: 659.204.6363
F: 659.204.6388
vdye@forthepeople.com

COUNSEL FOR THE PLAINTIFFS

11

THE ABOVE SHALL BE SERVED WITH THE COMPLAINT AS FOLLOWS

RICHARD GLENN SMITH
4797 Greenwood Road
Jay, Florida 32565


ROADSAFE TRAFFIC SYSTEMS, INC.
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

ELECTRONICALLY FILED
4/22/2022 3:06 PM
75-CV-2022-900073.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

**IN THE CIRICUT COURT OF ST. CLAIR COUNTY, ALABAMA**
**PELL CITY DIVISION**

| | |
|---|---|
| **MARK BOSHELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.: _____** |
| ) | |
| **RICHARD G. SMITH** and ) | |
| **ROADSAFE TRAFFIC SYSTEMS, INC.,** ) | |
| ) | |
| Defendants. ) | |

---

**PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION**
**TO DEFENDANT ROADSAFE TRAFFIC SYSTEMS, INC.**

---

COMES NOW the Plaintiff in the above-styled cause and requests that Defendant ROADSAFE TRAFFIC SYSTEMS, INC. answer the following Interrogatories and Requests for Production within the time limits as provided by the Alabama Rules of Civil Procedure.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Requests for Production:

1.     "You" or "Your" as used herein shall mean this defendant; the defendant's representatives; and all persons acting on behalf of this defendant.

2.     "Document(s)" and "record(s)" as used herein are used in the broadest possible sense and shall include includes any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice

memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of electronic or other computerized data. Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

4.     "Person" as used herein means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

5.     Requests to "identify a person" or equivalent language means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

2

6.     Requests to "identify a document" or equivalent language means to state with respect thereto:

       a)    The identity of the person who prepared it;

       b)    The identity of the person who signed it or over whose signature or direction it was issued;

       c)    The identity of each person to whom it was addressed or distributed;

       d)    The nature or substance of the document with sufficient particularity to enable it to be identified;

       e)    Its date and, if it bears no date, the date when it was prepared; and

       f)    The physical location of it and the names of its custodian or custodians.

7.     "Relate to", "relating to", "pertain to", "pertaining to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

8.     "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## INSTRUCTIONS

These interrogatories shall be deemed continuing so as to require supplemental responses upon receipt of additional information by you or your attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel

3

for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

With respect to documents and things produced in response to the requests for production set forth herein, said items should be organized and labeled to correspond with the categories in the requests.  If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.  If you object to producing any document in your possession, custody, or control based upon any claim of privilege or immunity, please specifically state the following (i.e., create and provide a privilege log identifying the following information):

    a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

    b) The date of the document(s)' creation or receipt, its type/format (e.g., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee and/or recipient;

    c) A description of the content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

    d) The location of the document(s); and

    e) The custodian of the documents.

## INTERROGATORIES TO ROADSAFE TRAFFIC SYSTEMS, INC.

1.     Identify all persons answering and/or supplying information used in answering these Interrogatories.

2.      If you contend the Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.      State the name, address, and business telephone number of each person with knowledge regarding the facts and circumstances of the motor vehicle accident described in the Complaint.

4.      With respect to the 2018 Chevrolet 4500XD Low Cab truck (VIN: 54DCDW1B1JS802336) involved in the motor vehicle collision described in the Complaint, please provide the following information:

      a. By whom the vehicle was owned at the time of the collision;

      b. To whom, if anyone, the vehicle was leased at the time of the incident; and

      c. The license and registration number(s) of the vehicle.

5.      State the name and principal address of each insurer, of any type whatsoever, which insured this Defendant against the risks or losses claimed in this lawsuit and, for each such policy of insurance, please state the name of the insurance company, the name of the insured, the names of all additional insureds, and the policy limits.

6.      Was Defendant RICHARD G. SMITH an employee of this Defendant on the date of the collision made the basis of this lawsuit? If not, please state in specific detail the nature of this defendant's business relationship with Defendant SMITH. If yes, please identify the date his employment began, his job duties/description, and whether he is still an employee of this Defendant.

5

7.      If Defendant SMITH was your employee on January 7, 2021, was he acting within the line and scope of his employment at the time of the motor vehicle accident made the basis of this lawsuit?

8.      Prior to January 7, 2021, had this Defendant experienced any problems and/or issues with Defendant SMITH relating in any way to his job performance or his ability to perform his job duties? If so, describe each issue and/or incident.

9.      Does this Defendant maintain a driver qualification file on Defendant SMITH? If so, please identify where the file is kept or maintained and please produce a complete copy of the entire file.

10.     Did this Defendant perform any investigations into Defendant SMITH's driver history/record before his employment with this Defendant commenced? If so, please state what investigations were performed, what any such investigation revealed about Defendant SMITH's driving history, and where that information is kept or can be located.

11.     Did this Defendant perform any investigations into Defendant SMITH's driver history/record after his employment with this Defendant commenced? If so, please state how often such investigation(s) took place, the nature of each investigation, the results of any such investigation, and where that information is kept or can be located.

12.     Was Defendant SMITH ever involved in any motor vehicle accidents or incidents in the line and scope of his employment with this Defendant prior to the collision made the basis of this lawsuit? If so, please identify the date of each such incident and describe the circumstances surrounding each such incident in detail.

6

13. Please state whether Defendant SMITH was disciplined, reprimanded, or penalized by this Defendant following each such accident or incident described above, if any.

14. Did Defendant SMITH in any manner fail to comply with any company rule or regulation on the date of the collision made the basis of this case? If so, please identify each rule or regulation violated and the manner in which it was violated.

15. Describe in detail any statements made by Defendant SMITH (whether verbal or written) to any agent, servant, employee, owner, or representative of this Defendant (excluding this Defendant's legal counsel) regarding the collision made the basis of this lawsuit.

16. Please identify all handbooks, rule books, etc. that were provided to Defendant SMITH by this Defendant or that governed Defendant SMITH's operation and use of the vehicle he was operating at the time of the crash made the basis of this case.

17. Has this Defendant ever been named as a party in any other lawsuits besides this case? If so, please state for each such matter:

  a. The date and location of the incident giving rise to the claim;

  b. The date the litigation was filed;

  c. The court, case style, and case number of the litigation;

  d. The disposition of the case; and

  e. A brief description of the facts involved.

18. State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

19.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the collision made the basis of this lawsuit, including but not limited to eyewitnesses to such event.

20.     State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

21.     State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

**REQUESTS FOR PRODUCTION TO ROADSAFE TRAFFIC SYSTEMS, INC.**

1.     For each person, entity and vehicle involved in the subject crash or named in this lawsuit, provide a complete and certified copy of the declarations pages, policy forms, endorsements, amendments and other documents for any insurance policies that you (or any other Defendant, to your knowledge) had in force and effect at the time of the subject crash, whether or not you contend the policy covers or may provide coverage for the damages sought in the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, umbrella or excess coverage policies.   This should include all primary and excess insurance policies and should include all portions of the policy including but not limited to the declaration page(s).

2.      Produce a full and complete copy of Defendant SMITH's entire employee personnel file with this Defendant, including any driving abstracts, disciplinary actions, qualifications to operate a commercial vehicle, and training provided to Defendant SMITH.

3.      Produce any photographs taken by this Defendant, or in the possession of this Defendant, relating in any way to the collision made the basis of this lawsuit.

4.      Produce all videos, drawings and/or diagrams taken or made of the scene of the collision, the vehicles involved, and/or the parties involved in the collision made the basis of this lawsuit.

5.      Produce copies of any and all accident investigations, reports, memorandum, correspondence, etc., in this Defendant's possession, custody, or control that in any way relate to the collision made the basis of this lawsuit.

6.      Produce any and all documents which Defendant has obtained from any third party with respect to the collision made the basis of this lawsuit.

7.      Produce copies of each and every page of Defendant SMITH's "driver logs" for the seven (7) days prior to and including of the date of the collision made the basis of this complaint.

8.      Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

9

9.     Please produce copies of any and all documents consulted, described, referenced, or otherwise used by this Defendant in any manner in formulating your responses to Plaintiff's First Interrogatories, above.

10.    Please produce all records documenting any repairs made to the 2018 Chevrolet 4500XD Low Cab truck as a result of the collision made the basis of this case.

11.    Please produce all materials received pursuant to subpoena in this matter.


Respectfully submitted,


Victoria L. Dye (DYE010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
T: 659.204.6363
F: 659.204.6388
vdye@forthepeople.com

COUNSEL FOR THE PLAINTIFFS


THE ABOVE SHALL BE SERVED WITH THE COMPLAINT AS FOLLOWS

RICHARD GLENN SMITH
4797 Greenwood Road
Jay, Florida 32565


ROADSAFE TRAFFIC SYSTEMS, INC.
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

10





CERTIFIED MAIL

7018 0360 0001 1130 7347

quadient
CORRECTION
IMI
$009.16 ℗
04/26/2022 ZIP 35125
043M31229313
US POSTAGE



**ANNETTE MANNING**
CLERK OF CIRCUIT COURT
ST. CLAIR COUNTY
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, ALABAMA 35125

To:  ROADSAFE TRAFFIC SYSTEMS, INC.
     C/O ILLINOIS CORP SVC CO.
     801 ADLAI STEVENSON DRIVE
     SPRINGFIELD, IL, 62703